GRACE GEED v. WILLIAM GEED

SUPERIOR COURT     FAIRFIELD COUNTY     FILE No. 79635

Memorandum filed June 16, 1949.

*Keating, Keating & Bielizna,* of Stamford, for the Plaintiff.

*Theodore E. Steiber,* of Bridgeport, for the Defendant.

ALCORN, J. The petitioner obtained a writ of habeas corpus, alleging that the respondent is unlawfully confining and restraining their five-year-old son. The return puts in issue the fitness of the petitioner to have the custody of the child and asserts the respondent's right to his custody.

The petitioner obtained a divorce from respondent in Florida in March of this year and the apparent purpose of this proceeding is to obtain adjudication as to the custody of the child since the Florida court did not pass upon the question owing to the child's residence in Connecticut.

At the hearing it appeared that the parties were married on August 22, 1942, and this child was born on May 22, 1944. The parties separated in the early part of the year 1946 when the petitioner left the respondent, taking this child, and other issue of her own but not of the respondent, with her. From October, 1946, to November, 1947, she placed the child in various boarding homes and finally in November, 1947, with the petitioner's consent, the respondent took the child with him and has cared for him since. The child is living on a farm with the respondent and the respondent's mother and has for companions two older daughters of the respondent by a prior marriage. The petitioner occupies a three-room apartment in New York state and is employed during the day. If she had the custody of the child she proposes to arrange for his care while she is working. Without detailing the evidence bearing upon the relative fitness of the parties, it is sufficient to say that it does not establish that the respondent is an unfit person to have the child or that the child is having other than good care or that he would be benefited by a change in his present status.

It is the court's conclusion that the best interest of the child requires that his situation remain as it is at present in the custody of the respondent and that the petitioner have the right to visit him at any reasonable time at respondent's residence. An order may enter accordingly.